IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                               14-CR-207

ERIC C. CUSIMANO,

                        Defendant.

## PLEA AGREEMENT

The defendant, ERIC C. CUSIMANO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to a two count Information which charges:

        a.      In Count 1, a violation of Title 18, United States Code, Section 371 (conspiracy to commit securities fraud) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

        b.      In Count 2, a violation of Title 26, United States Code, Section 7201 (tax evasion) for which the maximum possible sentence is a term of imprisonment of 5

years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

        c.    The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

        2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

        3.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Count 1

    a.    Two or more persons entered an unlawful agreement to commit a violation of Title 15, United States Code, Section 78j(b), Securities and Exchange Act Fraud;

    b.    The defendant knowingly and willfully became a member of the conspiracy;

    c.    That one of the members of the conspiracy knowingly committed at least one overt act as charged; and

    d.    That the overt act was committed to further some objective of the conspiracy.

Count 2

    a.    The defendant attempted to evade or defeat a tax or the payment of a tax;

    b.    That an additional tax was due and owing; and

    c.    That the defendant acted willfully.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

Count 1

    a.    From on or about September 9, 2008, to on or about January 9, 2012, in the Western District of New York, and elsewhere, the defendant, ERIC C. CUSIMANO, participated in a scheme to commit securities fraud in violation Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, by registering internet websites to tout publicly traded stocks of companies with low stock prices (known as "penny stocks"), and thereby

used these websites to issue newsletters containing certain fictitious and misleading information regarding a targeted stock. Through the websites of the defendant, and the websites of co-conspirators, the defendant was able to manipulate the length and intensity of his penny stock promotions.

b.     During the course of the above-mentioned scheme, the defendant and others utilized several websites registered through an internet domain registrar and web hosting company. One of the websites utilized by the defendant was www.bestdamnpennystocks.com.

c.     During the course of the above-mentioned scheme, the defendant and others utilized the website www.bestdamnpennystocks.com to tout approximately 52 penny stocks.

d.     During the course of the above-mentioned scheme, the defendant and others were compensated by third-parties to tout certain penny stocks. In total, and after accounting for any possible expenses, the defendant was compensated $1,218,783 during the scheme.

e.     During the course of the above-mentioned scheme, the offense involved 250 or more victims.

Count 2

a.     For the tax years 2008 to 2011, the defendant, ERIC C. CUSIMANO, owned and operated PREMIRE CONSULTING, INC. ("PREMIRE"), which was utilized to promote penny stocks. For the tax years 2008 to 2011, PREMIRE received from the defendant's penny stock promotion business unreported gross receipts totaling $7,921,706, and corrected taxable income totaling $1,218,783. The amount of tax due and owing for the relevant tax years is $404,201. It is detailed as follows:

| Tax Year | Tax Due and Owing |
|----------|-------------------|
| 2008 | $127,491 |
| 2009 | $128,351 |
| 2010 | $83,067 |

| 2011 | $65,292 |
|------|---------|

b.   In an attempt to hide this income from the Internal Revenue Service, the defendant committed the following affirmative acts: (i) the defendant failed to file corporate or individual tax returns; (ii) did not maintain business records relating to business activities; (iii) utilized offshore bank accounts; (iv) paid personal expenses from business accounts; and (v) used nominees to conceal assets and to purchase real and personal property.

c.   As part of the relevant conduct of this offense, the defendant engaged in similar conduct for the tax years 2008 through 2011, in that he evaded his personal tax liability by failing to report income he received from PREMIRE.  The total tax due and owing associated with the defendant's conduct for these tax years is $252,804.  It is detailed as follows:

| Tax Year | Tax Due and Owing |
|----------|-------------------|
| 2008 | $36,665 |
| 2009 | $37,502 |
| 2010 | $104,879 |
| 2011 | $73,758 |

d.   As a result of the unreported income as described above, the total tax due and owing is $657,005.

### III. SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines §§ 2X1.1(a) and 2B1.1(a)(2) applies to the offense of conviction for Count 1 and provides for a base offense level of 6.

7.      The government and the defendant agree that Guidelines §§ 2T1.1(a)(1) and 2T4.1(H) applies to the offense of conviction for Count 2 and provides for a base offense level of 20

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.      The government and the defendant agree that the following specific offense characteristics do apply to Count 1:

      a.      the 16 level increase pursuant to Guidelines § 2B1.1(b)(1)(I) [loss amount more than $1,000,000, utilizing the gain that resulted from the offense as an alternative measure of the loss as the loss in the present case cannot reasonably be determined];

      b.      the 6 level increase pursuant to Guidelines § 2B1.1(b)(2)(C) [offense involved 250 or more victims]; and

9.      The government maintains that the following specific offense characteristic does apply:

      a.      the 2 level increase pursuant to Guidelines § 2B1.1(b)(9)(C) [offense involved sophisticated means].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

10.     The government and the defendant agree that the following specific offense characteristics do apply to Count 2:

      a.     the 2 level increase pursuant to Guidelines § 2T1.1(b)(1) [defendant failed to report income from criminal activity]; and

      b.     the 2 level increase pursuant to Guidelines § 2T1.1(b)(2) [offense involved sophisticated means].

## ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 1 is 30 or 28.

12.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 2 is 24.

## COMBINED ADJUSTED OFFENSE LEVEL

13.     The government and the defendant agree that pursuant to Guidelines § 3D1.2(d), the offenses of conviction under Count 1 and Count 2 must be grouped together,

and that pursuant to Guidelines § 3D1.3(b), the grouped offenses result in a combined adjusted offense level of 30 or 28.

## ACCEPTANCE OF RESPONSIBILITY

14.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 27 or 25.

## CRIMINAL HISTORY CATEGORY

15.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.     (a)     It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2B1.1(b)(9)(C) does apply, with a total offense level of

27 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **70 to 87** months, a fine of $12,500 to $125,000, and a period of supervised release of 1 to 3 years.

(b)     It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2B1.1(b)(9)(C) does not apply, with a total offense level of 25 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **57 to 71** months, a fine of $10,000 to $100,000, and a period of supervised release of 1 to 3 years.

(c)     Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

17.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.  This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

19.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to conspiracy to commit securities or wire fraud and/or money laundering which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

20.    The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21.    At sentencing the government will move to dismiss the criminal complaint pending against the defendant under 14-M-69.

22.    In exchange for the defendant's plea of guilty and cooperation pursuant to the terms of this agreement, the government agrees to dismiss the criminal complaint pending against Jessica Cusimano under 14-M-69.

## VI.   RESTITUTION AND PAYMENT OF TAX LIABILITY

23.    The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $657,005, pursuant to Sentencing Guidelines, 5E1.1 and Title 18, United States Code, Section 3663A and 3663(a)(3).

24.     The defendant agrees that the total amount of restitution of $657,005 reflected in this agreement results from the defendant's fraudulent conduct, including relevant conduct.

25.     The total amount of restitution to the Internal Revenue Service consists of the following:

### PREMIRE CONSULTING INC.

| | |
|---|---|
| 2008 | $127,491 |
| 2009 | $128,351 |
| 2010 | $83,067 |
| 2011 | $65,292 |
| Total | $404,201 |

### ERIC CUSIMANO

| | |
|---|---|
| 2008 | $36,665 |
| 2009 | $37,502 |
| 2010 | $104,879 |
| 2011 | $73,758 |
| Total | $252,804 |

Grand Total   $657,005

26.     The defendant agrees to pay restitution of $657,005 by making payment as ordered by the Court in any restitution order entered pursuant to this plea agreement.

-12-

27.    If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4).   The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C).   Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

28.    The defendant agrees that the defendant will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution.   The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

29.    The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

30.    The parties understand that the defendant will receive proper credit, consistent with the above, for the payments made pursuant to this agreement.   Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful

examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

31.     The defendant agrees that this agreement, and any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

32.     The defendant understands that the defendant is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to the defendant's particular liability.

33.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing.  The defendant agrees to authorize the release of all financial information requested by the United States,

including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

34.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

35.    The defendant understands and agrees that the Court at, the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any

schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VII. APPEAL RIGHTS

36.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(a), above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VI of this agreement.

37.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

38.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(b), above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  COOPERATION

39.     The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to conspiracy to commit securities or wire fraud and/or money laundering.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

40.     The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

41.     In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to conspiracy to commit securities or wire fraud and/or money laundering, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

42.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

43.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines 3 levels as provided for in Guidelines § 5K1.1, which if granted by the Court, would result in a total offense level of 24 or 22 and a sentencing range of 51 to 63 months or 41 to 51 months imprisonment, respectively.   The defendant

understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

44.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

45.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

46.     In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right:

(a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

47.     In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

48.     If the "Cooperation" section of this agreement is declared breached by the Court:

   a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

   b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

   c. the defendant has no right to withdraw the plea of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to conspiracy to commit securities or wire fraud and/or money laundering which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

49.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

50.     The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX.   FORFEITURE PROVISIONS

51.     The defendant, **ERIC C. CUSIMANO**, from his conviction under Count 1 agrees to criminally forfeit all of his interest in the following property to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as proceeds of his offenses:

## MONETARY JUDGMENT

The sum of one million, two hundred eighteen thousand, seven hundred and eighty three ($1,218,783.00) dollars United States currency, to be evidenced by a judgment issued by this Court against the defendant.  This monetary judgment shall be reduced and credited with the forfeiture of the following property based upon the net proceeds realized from the sale of any personal and real property listed below:

**Personal Property**

> **Jewelry:**
>> a.   (1) 14k Necklace with Pendant set with (17) natural diamonds;
>> b.   (1) 18k Yellow Gold ring set with (5) Emeralds;
>> c.   (1) pair of 18k Yellow Gold earring set with (14) emeralds;
>> d.   (1) Sterling silver bracelet set with (20) natural diamonds;
>> e.   (1) Sterling silver Necklace with Pendant;
>> f.   (1) 14k yellow gold chain with 10k yellow gold cross pendant;

    g.  (1) pair of 14k white and yellow gold earrings set with (20) natural diamonds;

    h.  (1) 14k white gold set with (1) natural 5.31 carat diamond;

    i.  (1) stainless steel TUDOR Geneva wristwatch set with 62 natural diamonds;

    j.  (1) 18k yellow gold chain necklace with cross pendant; and

    k.  (1) 10k white gold belly ring set with 8 cubic zirconia.

**Boat:**

    l.  (1) 2011 26' Pontoon Boat bearing hull #ETW70421J011.

**Real Property**

    m.  All premises and property known as 948 Warren Road, Frewsburg, New York recorded in the Chautauqua County Clerk's records as Document Number DE2010003834 and titled in the name of Ricky Cusimano, the defendant's father; and

    n.  All premises and property known as at 171 Chautauqua Avenue, Lakewood, New York recorded in the Chautauqua County Clerk's records as Document Number DE2009004312 and titled in the name of Kimberly Cusimano, the defendant's mother.

**Bank Accounts:**

    o.  The sum of $40,000.00 seized on or about June 25, 2014, received from CROWN LAW GROUP;

    p.  The sum of $14,974.00 seized on or about June 27, 2014, received from GLOBAL TRANSATLANTIC SOLU-DEUTSCHE BANK TRUST CO.;

    q.  The sum of $15,000.00 seized on or about July 7, 2014, received from GLOBAL TRANSATLANTIC SOLU-DEUTSCHE BANK TRUST CO.;

    r.  The sum of $186,429.17 seized on or about July 8, 2014, received from: UNICORN INTERNATIONAL SECURITIES within the Optimus Trading, Inc. account;

s.   The sum of $40,119.69 seized on or about, July 15, 2014, received from individual BH; and

t.   The sum of $40,000.00 seized on or about, July 18, 2014, received from individual BH.

52.     The defendant warrants and represents that the above property represents or was purchased using the proceeds of the offense that the defendant is pleading guilty to in this Plea Agreement and thus is forfeitable to the United States.

53.     The defendant agrees to the entry of a <u>Preliminary and Final Order of Forfeiture</u> forfeiting the defendant's interest in the property identified above. The defendant further consents and agrees that the Order of Forfeiture shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant' sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

54.     Defendant acknowledges that he understands that the criminal forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

55.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty.   Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.   Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

56.     The defendant further agrees that the forfeiture of the aforementioned funds as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.   However it is understood by the defendant that the government may, in its discretion, recommend to the Attorney General that any of the forfeited  proceeds be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that the United Attorney's Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

57.     The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets as provided above.

## X. TOTAL AGREEMENT AND AFFIRMATIONS

58.     This plea agreement represents the total agreement between the defendant, ERIC C. CUSIMANO, and the government.  There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:     _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: December _____, 2014

I have read this agreement, which consists of 27 pages.  I have had a full opportunity to discuss this agreement with my attorney, Larry S. Gondelman, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I

-26-

understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____
ERIC C. CUSIMANO
Defendant

Dated: December __17__, 2014


_____
LARRY S. GONDELMAN, ESQ.
Attorney for Defendant

Dated: December __17__, 2014